UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CAMERON SCOTT GRIFFIN,<br><br>    Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | No. 2:14-cv-00074-JTR<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND TRANSFERRING ACTION TO DISTRICT OF IDAHO |

  Magistrate Judge Rodgers filed a Report and Recommendation on April 8, 2014, recommending Mr. Griffin's action pursuant to the Administrative Procedure Act, 5 U.S.C. § 702, be transferred to the United States District Court for the District of Idaho pursuant to 28 U.S.C. § 1631, ECF No. 4.   Petitioner is  a federal prisoner at the La Tuna Federal Correctional Institution Satellite Low in Anthony, New Mexico, serving a 168 month sentence for drug violations in the United States District Court, District of Idaho, cause number 3:06-cv-00067-EJL. Petitioner is proceeding *pro se* in this action and seeks leave to proceed *in forma pauperis*.  None of the documents submitted by Petitioner contain his original signature.

ORDER ADOPTING REPORT AND RECOMMENDATION AND
TRANSFERRING ACTION TO DISTRICT OF IDAHO -- 1

By this action, Mr. Griffin seeks the return of property forfeited in the Idaho criminal proceedings. On April 15, 2014, he filed a "Response," which the Court liberally construes as his Objection to the Report and Recommendation. ECF No. 5. Petitioner clarifies that he is seeking the return of property allegedly unlawfully seized and forfeited in violation of 21 U.S.C. § 853. He asserts that there is no pending criminal action against him and he has filed this action "in the district where the property was seized" as required by Federal Rule of Criminal Procedure 41(g).

Petitioner cites to *Ramsden v. United States,* for the proposition that "district courts have the power to entertain motions to return property seized by the government when there are no criminal proceedings pending against the movant." 2 F.3d 322, 324 (9th Cir.1993) (construing former Rule 41(e)). He asserts that the Eastern District of Washington is the appropriate forum in which to seek relief because the property (i.e., money, a boat and a boat trailer, 44 miscellaneous firearms, and cash as substitute asset for vehicles) was seized in this district.

Here, Mr. Griffin was fully prosecuted and is serving a federally imposed sentence from of the District of Idaho. He makes no assertion that this conviction and sentence have been vacated. Court records show that Mr. Griffin previously filed a Rule 41(g) motion in his criminal proceeding in 2006. *See* 3:06-cr-00067-EJL, ECF No. 81. A Preliminary Order of Forfeiture was entered on October 31,

ORDER ADOPTING REPORT AND RECOMMENDATION AND TRANSFERRING ACTION TO DISTRICT OF IDAHO -- 2

2008, and a Final Order of Forfeiture was issued on May 1, 2009. *Id.,* ECF Nos. 226 and 261. A Rule 41(g) motion is not the appropriate means of collaterally challenging a criminal judgment of forfeiture. *See e.g., Young v. United States,* 489 F.3d 313, 315 (7th Cir. 2007) (holding that a defendant cannot use Rule 41(g) to challenge a criminal forfeiture order). Rule 41(g) only permits the recovery of property that has been seized as evidence, not property that has been forfeited to the government. *See e.g. United States v. Eubanks*, 169 F.3d 672, 674 (11th Cir.1999); *Young*, 489 F.3d at 315. Petitioner makes no assertion that the Idaho forfeiture order has been vacated.

Because all forfeiture proceedings under 21 U.S.C. § 853(a)(1) and (2) were part of his federal criminal proceeding in the District of Idaho, this Court finds no proper basis to exercise equitable jurisdiction. Any dispute Petitioner may have with the adequacy of the criminal forfeiture proceedings lies in the District of Idaho or an appropriate appellate court. It is not proper to ask a sister jurisdiction to adjudicate claims which were not previously adjudicated to Petitioner's satisfaction in the District of Idaho.

Accordingly, for the reasons set forth above and by the Magistrate Judge, **IT IS ORDERED** the Report and Recommendation, ECF No. 4, is **ADOPTED in its entirety** and the District Court Executive shall **TRANSFER** this action to the

ORDER ADOPTING REPORT AND RECOMMENDATION AND
TRANSFERRING ACTION TO DISTRICT OF IDAHO -- 3

United States District Court, District of Idaho.  This Court has made no determination regarding Petitioner's application to proceed *in forma pauperis*.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order, and forward a copy to Petitioner.  The District Court Executive is further directed to forward this file with a copy of this Order to the Clerk of the United States District Court for the District of Idaho, and close the file in this district.  The District Court Executive shall also provide a courtesy copy to Michael C. Ormsby, U.S. Attorney for the Eastern District of Washington.

**DATED** this 6th day of May 2014.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Chief United States District Court Judge