UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CAMERON SCOTT GRIFFIN,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | No. 2:14-cv-00074-JTR<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

BEFORE THE COURT is Mr. Griffin's Motion for Reconsideration, ECF No. 7, of the Order transferring his action to the United States District Court for the District of Idaho pursuant to 28 U.S.C. § 1631. Petitioner, a federal prisoner at the Federal Satellite Low LaTuna in Anthony, New Mexico, submitted this *pro se* action under the Administrative Procedure Act, 5 U.S.C. §§ 702 and 704, and seeks the return of property forfeited as a result of his 2008 convictions for drug violations in the District of Idaho. The Court has **not** ruled on his application to proceed *in forma pauperis*.

ORDER DENYING MOTION FOR RECONSIDERATION -- 1

Motions for reconsideration serve a limited function. "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Pyramid Lake Paiute Tribe v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989). Such motions are not the proper vehicle for offering evidence or theories of law that were available to the party at the time of the initial ruling. *Fay Corp. v. Bat Holdings I, Inc.*, 651 F. Supp. 307, 309 (W.D. Wash. 1987).

Mr. Griffin has not alleged that there has been an intervening change of controlling law. Likewise, he has not offered newly discovered evidence that would justify this Court re-examining the issue. Thus, the only remaining question is whether the Court should alter its prior ruling in order to "correct a clear error or prevent manifest injustice." *Pyramid Lake*, 882 F.2d at 369 n.5.

Petitioner argues the decision to transfer this action to the District of Idaho is "clear error." He complains that the Court failed to acknowledge certain Ninth Circuit cases he had cited. These cases, however, dealt with administrative forfeitures rather than criminal forfeitures. *See Quinones-Ruiz v. United States*, 873 F. Supp. 359 (S.D. Cal. 1995); *United States v. Clagett*, 3 F.3d 1355 (9th Cir. 1993); *Marshall Leasing, Inc. v. U.S*, 893 F.2d 1096 (9th Cir. 1990). The Court concludes that *United States v. Eubanks*, 169 F.3d 672 (11th Cir. 1999), also

ORDER DENYING MOTION FOR RECONSIDERATION -- 2

concerned administrative forfeiture and is not applicable to Petitioner's circumstances.

Regardless, a Rule 41(g) motion is not the appropriate means to collaterally challenge a criminal judgment of forfeiture. *See e.g.*, *Young v. United States*, 489 F.3d 313, 315 (7th Cir. 2007) (persuasive authority holding that a defendant cannot use Rule 41(g) to challenge a criminal forfeiture order). Under Rule 41(g), "[p]roperty seized for the purposes of a trial that is neither contraband nor subject to forfeiture should ordinarily be returned to the defendant once trial has concluded." *United States v. Kaczynski*, 416 F.3d 971, 974 (9th Cir. 2005) (citing *United States v. Van Cauwenberghe*, 934 F.2d 1048, 1060-61 (9th Cir. 1991) (noting that motion for return of property is properly denied when the property is subject to forfeiture); *see also United States v. Sims*, 376 F.3d 705, 708 (7th Cir. 2004) (Rule 41 may be invoked "after criminal proceedings have concluded to recover the defendant's property when the property is no longer needed as evidence -- unless, of course, it has been forfeited in the course of those proceedings"). Mr. Griffin's property was clearly subject to forfeiture.

The property that Petitioner wishes to have returned to him was forfeited as part of his criminal sentence in a proceeding before the United States District Court, District of Idaho, cause number 3:06-cv-00067-EJL. He is not challenging

ORDER DENYING MOTION FOR RECONSIDERATION -- 3

an agency forfeiture decision over which this Court might exercise equitable jurisdiction.

For the reasons set forth in the preceding Order, ECF No. 6, the Court finds Petitioner's arguments for reconsideration unpersuasive. It would be inappropriate for this Court to review the adequacy of forfeiture proceedings, including claims of ineffective assistance of counsel or previously adjudicated Fourth Amendment claims, in a sister District. Such review is the province of the District of Idaho or the Ninth Circuit Court of Appeals. Again, a forfeiture as part of a criminal sentence may only be challenged on direct appeal. *See Young*, 489 F.3d at 315.

Contrary to Petitioner's assertions, the Court finds no manifest injustice in transferring this action to the United States District Court, District of Idaho, because Petitioner challenges a criminal forfeiture in that District. Therefore, Petitioner's invitation to exercise equitable jurisdiction over his claims or to allow him to amend is declined. The Court finds this action an "improper attempt to challenge a component of his sentence" in this District. *Young*, 489 F.3d at 315. Accordingly, **IT IS ORDERED** that Petitioner's Motion for Reconsideration, **ECF No. 7**, is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward a copy to Petitioner, and close the file. The District Court Executive shall also provide courtesy copies to the Clerk of the United States

ORDER DENYING MOTION FOR RECONSIDERATION -- 4

District Court for the District of Idaho, and to Michael C. Ormsby, U.S. Attorney for the Eastern District of Washington.

**DATED** this 27th day of May 2014.

                        *s/ Rosanna Malouf Peterson*
                        ROSANNA MALOUF PETERSON
                       Chief United States District Court Judge

ORDER DENYING MOTION FOR RECONSIDERATION -- 5